# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY PIERRE<br>724 Franklin Street, Apt 3R<br>Reading, PA 19602<br><br>         Plaintiff,<br><br>v.<br><br>KEURIG DR PEPPER INC.<br>d/b/a KDP<br>7350 Industrial Boulevard<br>Allentown, PA 18106<br>    and<br>MOTT'S LLP<br>6425 Hall of Fame Lane<br>Frisco, TX 75034<br><br>         Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Jimmy Pierre (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Defendants and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Keurig Dr Pepper Inc., d/b/a KDP and Mott's LLP (hereinafter collectively referred to as "Defendants" unless indicated otherwise) of Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts herein that he was not promoted

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait one full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims will mirror identically his federal claims under the ADA.

and was terminated from Defendants, because of his race, national origin and/or in retaliation for his complaints of discrimination.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Keurig Dr Pepper Inc., d/b/a KDP ("KDP," if referred to individually) is a beverage and coffeemaker conglomerate which operates over 125 brands.

9. Mott's LLP ("Mott's," if referred to individually) is a subsidiary of KDP. Defendants represented in their Position Statement to the EEOC that Mott's employed Plaintiff.[2]

10. While Defendants admit that Mott's was Plaintiff's employer, Plaintiff was also treated in all functional respects like a KDP employee. KDP appeared on Plaintiff's pay and tax documentation; Plaintiff received a KDP handbook; Plaintiff was required to follow KDP policies and procedures; Plaintiff corresponded and complained to Human Resources personnel with a KDP email address; and Plaintiff's termination documentation was set forth on a KDP disciplinary form.

11. Defendants' management had the ability to manage Plaintiff, discipline Plaintiff, give directives to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendants' management and was obligated to follow the policies of Defendants. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

12. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

---

[2] Although Mott's was not expressly named in Plaintiff's EEOC Charge, Plaintiff is permitted to proceed herein against Mott's, since Mott's received notice of the Charge, and it has a shared commonality of interest with KDP. *See Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds sub nom., Retail, Wholesale & Dept. Store Union v. G.C. Murphy Co.*, 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981); *see also Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1140 (E.D.Pa. 1990).

**FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff is a black (Haitian-born) male.

16. Plaintiff was hired by Defendants effective on or about March 22, 2022; and in total, was employed by Defendants more than 2.5 years (until termination on or about November 14, 2024).

17. At all relevant times herein, Plaintiff was employed within Defendants' warehouse and distribution center located at 7350 Industrial Boulevard, Allentown, PA 18106.

18. During this timeframe, Plaintiff was employed by Defendants as a laborer and performed a variety of duties (at times during Plaintiff's tenure he was assigned to work as a sleever, car upper, jones packer, multi packer and tray packer). Plaintiff was *very versatile* in his knowledge and ability to operate machinery or equipment.

19. Plaintiff's direct supervisor was Darren Hilmes ("Hilmes"). Hilmes is Caucasian and supervised Plaintiff for his last approximate year of employment.

20. Hilmes was supervised by a manager named David (possibly David Armendariz based upon online research, but David's last name is unknown). Nonetheless, Plaintiff's management hierarchy was non-black (as was overall management within Defendants in general).

21. As of termination, Plaintiff's specific job title was Production Tech II, and was considered to work within Defendants' Operations Department (in Allentown, Pennsylvania).

22. Plaintiff held the same job title (Production Tech II) from hire through termination (a period, as aforesaid, of almost 3 years). In this role as of termination, Plaintiff was

earning $27.03 per hour and worked 40-plus hours regularly as a full-time employee (offering or accepting overtime when feasible).

23. Based upon Plaintiff's communications with his coworkers, they formed the opinion that black employees were treated discriminatorily in many ways and often were subjected to harsher discipline than non-black employees (in several work areas / departments). By way of a few examples specific to Plaintiff:

a) Hilmes would yell or speak in a condescending manner to Plaintiff, and treated Plaintiff as if he were stupid or dense. It was not counseling. It was not disciplinary. It was not because Hilmes was mad at something Plaintiff did or did not do. It was the way he chose to communicate to Plaintiff and treat him like an (abused) child or someone that he did not care for, unlike how he directed non-black employees; and

b) Plaintiff speaks with a heavy or discernable accent, as he is Haitian. But Plaintiff speaks English fluently. Hilmes would feign not being able to understand Plaintiff; told him to repeat things; and was dismissive by saying things like, well "whatever you are saying," do this or do that (while telling Plaintiff something) … as if Plaintiff was speaking a different language or broken English. Hilmes was visibly annoyed when Plaintiff spoke, which Plaintiff attributed based upon his gestures and commentary to Plaintiff's accent. Hilmes was point-blank discriminatory.

24. Plaintiff tolerated what he perceived to be a discriminatory atmosphere towards black employees in general in the workplace for a long time. Plaintiff tried to proverbially keep his head down and just work hard, hoping to continually prove himself and not make any waves.

25. But Plaintiff admittedly became dissatisfied to the point where, in his last approximate eight (8) months of employment, Plaintiff did vocalize concerns of discrimination.

26. The proverbial straw that was breaking the camel's back and prompting Plaintiff to complain was his sentiment and feeling that he would not ever be moved up in Defendants' company for discriminatory reasons, as more fully explained *infra*.

27. Plaintiff had aspirations (in the future) to work for Defendants as a lead, supervisor or manager, as he is very technical, very conscientious, very hard working, and worked just about any shift or any hours helpful to the business. But Plaintiff was being kept as a Production Tech II (and could not even obtain a standard promotion which far less qualified employees were receiving).

28. Meanwhile, others with less tenure or who Plaintiff even mentored or trained were given elevations to higher positions, such as Production Tech III. They were non-black and non-Haitian.

29. One female employee informed Plaintiff that she did not even want the promotion, but she was told that she was being given the elevation (initiated by management).

30. Others were promoted who only had limited operational understanding of 1-3 machines or work areas. Plaintiff had on the other hand became very skilled on least 5 machines and work stations / areas. Yet, Plaintiff was bypassed for promotions.

31. As a result of being frustrated that even keeping Plaintiff's head down and just being a great employee would accomplish nothing (as to upward mobility) in an already discriminatory atmosphere, Plaintiff felt compelled to complain of discrimination in the hope that he would be reconsidered for job promotions and to make the work environment more equitable.

32. By the spring of 2024, Plaintiff started speaking with Hilmes on several occasions. Plaintiff: (a) asked why he was bypassed for promotions; (b) why others with less experience, skill or time at Defendants were getting elevated; and (c) mentioned his concerns that he felt held back or was being bypassed because, "I am black" and "I am Haitian."

33.     Plaintiff approximates that from the Spring of 2024 through his termination, he probably had about ten (10) discussions with management / human resources wherein Plaintiff stated that he felt "discriminated," mistreated for being "black," or mistreated for being "Haitian."

34.     Plaintiff complained to Hilmes; his manager (Dave); and a human resources person (Monique Veras) who only stated to Plaintiff that she would speak with Hilmes about Plaintiff's concerns. Plaintiff's concerns about discriminatory treatment spanned the Spring through his termination from employment.

35.     Plaintiff believes and therefore avers that he was denied many promotions because of his race and/or national origin and/or complaints about discrimination. Defendants freely assigned elevations without job postings or the need to even apply. Plaintiff was denied such entitlements or promotions for a very long time, including during his last year (on many occasions).

36.     Plaintiff was then abruptly terminated on or about November 14, 2024 after having raised numerous complaints of discrimination. Plaintiff's management terminated him on or about November 14, 2024, and gave him a "Corrective Action" letter which stated that Plaintiff was purportedly terminated for allegedly not handling something properly as a "Sleever" on 11/8/24.

37.     In reality, Defendants' stated reason for Plaintiff's termination was pretextual. Plaintiff: received no prior discipline; was terminated with no discussion or opportunity to respond; was blamed for a performance matter that was not even his responsibility or fault; and in close temporal proximity to his most recent complaint of discrimination.

7

38. Plaintiff believes and therefore avers that he was subjected to a hostile work environment; denied promotions; and terminated from Defendants under pretextual circumstances in violation of Title VII, Section 1981 and the PHRA for discriminatory reasons based on his race and/or national origin and/or complaints of discrimination.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Race/Color/National Origin Discrimination;
[2] Hostile Work Environment; and [3] Retaliation)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. During Plaintiff's employment with Defendants, he was subjected to harassment and discrimination through disparate treatment because of his race/national origin.

41. Plaintiff raised concerns about the discriminatory treatment he was subjected to on many occasions, but his complaints were never properly addressed.

42. Plaintiff was denied promotional opportunities and was abruptly terminated under false and pretextual circumstances as discussed herein on or about November 14, 2024.

43. In the interest(s) of absolute clarity, Plaintiff asserts that:

   a) He was subjected to a hostile work environment on account of his race and/or national origin (and later due to complaints of discrimination);

   b) He was denied opportunities for promotion because of his race and/or national origin (and later due to his complaints of discrimination); and

   c) He was terminated because of his race and/or national origin and/or complaints of discrimination.

44. Plaintiff believes and therefore avers that his race, color and/or national origin were motivating/determinative factors in Defendants' decision(s) to take the aforementioned adverse actions against him.

8

45.     These actions constitute discrimination and retaliation in violation of Title VII.

## Count II
### Violations of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     During Plaintiff's employment with Defendants, he was subjected to harassment and discrimination through disparate treatment because of his race and/or ethnic characteristics.

48.     Plaintiff raised concerns about the discriminatory treatment he was subjected to on many occasions, but his complaints were never properly addressed.

49.     Plaintiff was abruptly terminated under false and pretextual circumstances as discussed herein on or about November 14, 2024.

50.     Plaintiff believes and therefore avers that his race, color, and complaints of discrimination were determinative factors in Defendants' decision(s) to take the adverse actions against him as outlined in Count I of this Complaint.

51.     These actions constitute discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there

are such benefits) from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

  C. Plaintiff is to be awarded punitive and liquidated damages (in accordance with the Statutes he is suing under), as permitted by applicable law, to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded damages for emotional distress and/or pain and suffering and any and all other equitable and legal relief as the Court deems just, proper and appropriate (as permitted under the Statutes he is suing under);

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

           Respectfully submitted,

           **KARPF, KARPF, & CERUTTI, P.C.**

     By: _____
       Ari R. Karpf, Esquire
       8 Interplex Drive, Suite 210
       Feasterville-Trevose, PA 19053
       (215) 639-0801
       *Attorneys for Plaintiff*

Dated: May 8, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jimmy Pierre | : | CIVIL ACTION |
| v. | : | |
| Keurig Dr Pepper Inc. d/b/a KDP, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 5/8/2025 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PIERRE, JIMMY

### DEFENDANTS
KEURIG DR PEPPER INC. D/B/A KDP, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE 5/8/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE